ALTENBERND, Judge.
J.C. appeals a restitution order in the amount of $1791. We conclude that the proper remedy in this case is certiorari. Thus, we transform this appeal into a petition for writ of certiorari. We grant the petition.
The State has a pending delinquency petition against J.C., charging this juvenile with burglary and grand theft. J.C. appeared for a plea and disposition hearing in February 2014. The juvenile entered a plea of guilty, but no adjudicatory order of any sort was entered by the court. The court set a restitution hearing for March 3, 2014, and a disposition hearing for March 19, 2014.
The restitution hearing took place on March 3. The docket indicates that the court set restitution at $1791 and granted “parental sanctions.” At the restitution hearing, J.C. was recommended for a diversion program referred to as “JDAT.” The court granted the request. It explained that the restitution would “become[] a part of the diversion program” and that to successfully complete the program, J.C. would have to pay the full amount of restitution by August 13, 2014. The court also reset the disposition hearing to occur on that date. The court entered an order for restitution on March 18, requiring the restitution to be paid on or before August 13, and making the juvenile’s mother jointly responsible for the payment. J.C. appealed the order of restitution, primarily arguing that the amount of restitution was too high.
Upon receipt of the record, this court questioned its jurisdiction to review the order of restitution because the trial court had not yet entered any of the appealable orders described in Florida Rule of Appellate Procedure 9.145(b) (authorizing review of certain orders in juvenile delinquency proceedings). J.C. suggests the order might be treated as “an illegal disposition” under rule 9.145(b)(3), but given that the trial court set a future date for a disposition hearing, we do not believe the order can fall within that description.
We conclude that the order can be reviewed by a petition for writ of certiorari; the record and briefing in this case are sufficient to permit that remedy. A trial court is authorized to enter an order of restitution for “an adjudicated delinquent child.” § 985.437, Fla. Stat. (2013). The *971 State has provided no authority for a trial court to enter such an order prior to adjudication and disposition as part of a diversion program after the filing of a petition.[1] See, e.g., § 985.345, Fla. Stat. (authorizing pretrial intervention program for juveniles charged with certain drug-related offenses). In this case, J.C. and the juvenile’s mother did not stipulate or agree to reimbursement of a victim as a part of a diversion program. Instead, the trial court entered this order of restitution over their objection, makings its payment essentially a condition to avoid an adjudication and disposition. We conclude that the trial court departed from the essential requirements of the law when it entered this order without any legal authority to do so.
Petition for writ of certiorari granted.
NORTHCUTT and KHOUZAM, JJ„ Concur.

. A voluntary, prepetition program may be created by the state attorney under which a "Restorative Justice Board” may "[rjequire the juvenile to make restitution." § 985.155(l)(a), (3), (5)(a). This case does not involve this type of voluntary restitution.